STATE OF NORTH CAROLINA v. DONNIE JOE McMAHON

No. 8318SC685

(Filed 6 March 1984)

**Criminal Law § 87— defense witness not on list furnished to State—discretion of court to permit testimony**

There is no statutory or common law requirement that the defendant in a criminal case furnish the State a list of his witnesses. When a defendant calls a witness whose name was omitted from the list of potential witnesses furnished to the State, permitting such witness to testify is a matter within the discretion of the trial judge, and the trial judge in this case erred in refusing to permit a defense witness to testify because her name was not on the list furnished "as the law requires." G.S. 15A-905.

APPEAL by defendant from *Walker, Hal H., Judge.* Judgment entered 16 December 1982 in Superior Court, GUILFORD County. Heard in the Court of Appeals 17 January 1984.

Defendant appeals from a judgment of imprisonment entered upon his conviction of second degree rape.

*Attorney General Edmisten, by Assistant Attorney General Guy A. Hamlin, for the State.*

*Nora Henry Hargrove for defendant appellant.*

WHICHARD, Judge.

Defendant contends the court erred in refusing to allow a witness to testify on his behalf for the purpose of impeaching the character of the alleged victim. Because the refusal may have resulted from a misapprehension of law, and because the possibility that defendant was prejudiced thereby is substantial, we award a new trial.

Defendant called one Christine Mills as a witness, but the court refused to allow her to testify. The record does not contain the precise testimony the witness would have given. However, the district attorney and defense counsel at trial (not present counsel) have in effect stipulated to the substance of the proffered testimony. Each has filed a sworn affidavit in the stipulated record on appeal. Defense counsel's affidavit avers "that he told the trial judge that Mills would testify that the victim's character and reputation in the community was bad and that the victim had engaged in specific acts of misconduct which impeached her credibility." The district attorney's affidavit avers "that the defense counsel indicated that . . . Mills would testify that she was familiar with the prosecuting witness' character and reputation in the community and that it was bad and that she would testify regarding certain specific acts of misconduct of the prosecuting witness." The substance of the excluded testimony thus brought forward in the record on appeal suffices to enable this Court to pass upon the question presented.

When the witness stated her name, the district attorney immediately objected and requested a bench conference. After conferring at the bench with the district attorney and defense counsel, the court refused to allow the witness to testify, stating: "Name was not on the list furnished *as the law requires.* She will not be allowed to testify." (Emphasis supplied.)

"No right of discovery in criminal cases existed at common law." *State v. Carter,* 289 N.C. 35, 41, 220 S.E. 2d 313, 317 (1975), *death sentence vacated,* 428 U.S. 904, 49 L.Ed. 2d 1211, 96 S.Ct.

3212 (1976). We are aware of no common law requirement that the defendant in a criminal case furnish the State a list of his witnesses. The criminal discovery statutes contain no such requirement. *See* G.S. 15A-905.

Our Supreme Court has clearly stated that "[n]either statute nor common law requires the State to furnish a defendant with the names and addresses of all the witnesses the State intends to call." *State v. Tatum*, 291 N.C. 73, 85, 229 S.E. 2d 562, 569 (1976). Elementary fairness, if not constitutional proscription, dictates that the same rule in this regard apply to both the State and the defendant.

Where the State calls witnesses whose names were omitted from the list of potential witnesses furnished defendant prior to trial, permitting those witnesses to testify is a matter within the discretion of the trial judge. *State v. Davis*, 290 N.C. 511, 534, 227 S.E. 2d 97, 111 (1976). Clearly, the same rule should apply when a defendant calls a witness whose name was omitted from the list he or she furnished to the State.

The court's inaccurate statement that "the law requires" the witness' name to be on the list indicates that it may have excluded the witness on the basis of a misapprehension of law rather than in the exercise of its discretion. The victim and defendant testified to very different versions of the facts. According to defendant, he and the victim engaged in consensual intercourse. According to the victim, defendant raped her. The general setting and the circumstances under which the incident occurred were such as to give some credence to defendant's account of it. The victim's credibility with the jury thus was clearly crucial to the State's case. "The primary purpose of impeachment is to reduce or discount the credibility of a witness for the purpose of inducing the jury to give less weight to his [or her] testimony in arriving at the ultimate facts in the case." *State v. Nelson*, 200 N.C. 69, 72, 156 S.E. 154, 156 (1930). The excluded impeaching evidence might well have diminished the victim's credibility with the jury and tilted the scales in defendant's direction. The possibility of prejudice from exclusion of this evidence is thus substantial.

Under these circumstances assurance of fairness dictates the award of a new trial. The other errors asserted by defendant are

unlikely to recur, and we thus deem it unnecessary to discuss them.

New trial.

Judges ARNOLD and BECTON concur.